UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                                                08 CR 41 (SJ)

        -against-                                **MEMORANDUM**
                                                                         **AND ORDER**

SAJID JAVED,

                       Defendant.
-------------------------------------------------------X
APPEARANCES

UNITED STATES ATTORNEY
Benton J. Campbell
United States Attorney
225 Cadman Plaza East
Brooklyn, New York 11201
By:    Karin Klapper Orenstein
Attorney for Plaintiff


ZAFAR A. SIDDIQI
11 Broadway, Suite 853
New York, New York 10004
By:    Zafar A. Siddiqui
Attorney for Defendant

JOHNSON, Senior District Judge:

        On November 6, 2008, defendant Sajid Javed ("Defendant") filed a motion to suppress statements and property ("Motion to Suppress") and a motion for a bill of particulars ("Motion for Bill of Particulars") (collectively, the "Motions"). (Docket Nos. 25 and 26.) On December 5, 2008, this Court referred both Motions to Magistrate Judge Roanne L. Mann for a Report and

1

Recommendation ("Report"). (Docket No. 30.) On January 30, 2009, Judge Mann conducted a hearing on both Motions ("January 30 Hearing") and issued her Report from the bench that same day, recommending that both Motions be denied in their entirety. (See Transcript of 01/30/09 Hearing ("01/30/09 Tr.") at 150.) Objections to the Report were due on February 13, 2009. (01/30/09 Tr. at 161-62.) No objections were filed by either party. For the reasons stated herein, this Court affirms and adopts the Report in its entirety.

A district court judge may designate a magistrate judge to hear and determine certain motions pending before the Court and to submit to the Court proposed findings of fact and a recommendation as to the disposition of the motion. See 28 U.S.C. § 636(b)(1). Within 10 days of service of the recommendation, any party may file written objections to the magistrate's report. See id. Upon *de novo* review of those portions of the record to which objections were made, the district court judge may affirm or reject the recommendations. See id. The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 150 (1985).

Defendant's supporting affidavit for his Motion to Suppress asserts that he did not consent to the December 20, 2007 search of his apartment, during which government agents seized certain property, because he was not informed as to the

2

nature of the consent forms that the agents had him sign. The affidavit further asserts that Miranda rights were never read to Defendant, that the agents compelled him to make certain statements, and that he did not understand the agents' questions because of his limited knowledge of English. During the January 30 Hearing, the parties clarified that the central assertion in the Motion to Suppress is that both Defendant's consent to search and his Miranda waiver were invalid because of his limited knowledge of English. (01/30/09 Tr. at 3-4 & 151.) At the January 30 Hearing, the government called four witnesses: FBI Agent Eugene Kowel, NYPD Detective Sukhjiwan Nijjar, Immigration and Customs Enforcement Agent Mark Cozine, and FBI Agent Shaun Rodman (employed by the Secret Service at the time of Defendant's arrest). In addition, the government offered eight exhibits, including advice of rights forms, consent to search forms, notes of interviews conducted with Defendant, and a test Defendant took in English to get a New York State driver's license. Defendant called no witnesses and offered no exhibits, relying solely on cross-examination of the government's witnesses.

As for the search of Defendant's apartment, it is well-established that a warrantless search is per se unreasonable under the Fourth Amendment, subject to certain exceptions – including consent. See Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973). The government bears the burden of establishing, by a preponderance of the evidence, that consent was voluntarily given. Id. at 220.

Whether consent was voluntarily given "is a question of fact to be determined from the totality of all the circumstances." Id. at 227; see also United States v. Watson, 423 U.S. 411, 424 (1976) (finding that consent can be voluntarily given even when defendant is in custody); United States v. Wiener, 534 F.2d 15 (2d Cir. 1976) (finding consent to search apartment was voluntarily given when defendant was in custody in the apartment). Courts examine whether the law enforcement officials had an objectively reasonable basis to believe that they had consent to search the premises. See Florida v. Jimeno, 500 U.S. 248, 251 (1991). In United States v. Camilo, the Court concluded that the officers reasonably believed that the person who gave consent spoke and understood English sufficiently well to give valid consent, even though they later learned that she was more comfortable in Spanish. 287 F. Supp. 2d 446, 452 (S.D.N.Y. 2003).

In this case, based on the testimony and exhibits in evidence, Judge Mann concluded that the agents had a reasonable basis for concluding that the defendant understood English sufficiently well to give valid consent for the search. (01/30/09 Tr. at 157.) All of the agents testified that they communicated with the Defendant in English; that, with one exception, he showed no difficulty in understanding them; and that the Defendant spoke English when he informed the agents that he understood his rights and agreed to sign the consent to search forms. (01/30/09 Tr. at 154-55.)

With respect to the Defendant's waiver of his Miranda rights, the Second Circuit has held that even a suspect with limited knowledge of English can make a knowing and voluntary waiver, so long as his command of English was sufficient to enable him to understand the Miranda warnings. See Campaneria v. Reid, 891 F.2d 1014, 1020 (2d Cir. 1989); see also United States v. Jaswal, 47 F.3d 539, 542 (2d Cir. 1995).

In the instant case, Judge Mann found, based on the testimony and exhibits in evidence, that the Defendant understood English sufficiently well to effect a knowing and voluntary waiver of his Miranda rights. (01/30/09 Tr. at 159-60.) Judge Mann noted that, according to the testimony of Detective Nijjar, Defendant appeared confused only at one point when Agent Kowel was reading the Miranda rights to him – when Agent Kowel told him "anything you say can be used against you." At that point, Detective Nijjar testified that he translated this statement into Urdu for the Defendant, who then acknowledged that he understood. (01/30/09 Tr. at 155.) Judge Mann also emphasized that the Defendant had participated in a long proffer session with the government, conducted in English, during which he hardly used the standby interpreter. (01/30/09 Tr. at 160.) As a result of these conclusions of law and findings of fact, Judge Mann recommended that the Motion to Suppress be denied. (01/30/09 Tr. at 160.)

With respect to Defendant's Motion for a Bill of Particulars, the Second Circuit has held that a bill of particulars is not required where the indictment

5

advises the defendant of the specific acts of which he is accused or where the government has made sufficient disclosure by other means. See United States v. Walsh, 194 F.3d 37, 47 (2d Cir. 1999).

In the instant case, Judge Mann found that the defendant had already received sufficient notice of the charges against him; specifically, she found that the indictment and the lengthy complaint set forth a number of specific acts that the defendant is alleged to have engaged in in furtherance of the conspiracies and substantive offenses with which he is charged and that the government had already provided discovery which gave further details. (01/30/09 Tr. at 160-61.) As a result, she recommended that the Motion for a Bill of Particulars be denied. (01/30/09 Tr. at 161.)

Judge Mann further noted, in response to an additional issue raised by Defendant, that the government is not presently aware of any Rule 404(b) evidence of prior bad acts and that it will inform the defense should it decide to offer such evidence. (01/30/09 Tr. at 161.) Finally, pursuant to another defense inquiry, the government informed Judge Mann that it has preserved the keys seized during the December 20, 2007 search and will make them available for inspection by defense counsel at any time. (01/30/09 Tr. at 161.)

For the reasons stated herein, this Court will defer to the findings of Judge Mann and it affirms and adopts the Report in its entirety. The Motion to Suppress and the Motion for a Bill of Particulars are DENIED in their entirety.

SO ORDERED.

Dated: February 23, 2009
Brooklyn, NY

s/Sterling Johnson, Jr.
Sterling Johnson, Jr.
U.S.D.J.